■ In the Matter of the Claim of REBA NIERENBERG et al., Respondents. LOUIS L. LEVINE, as Industrial Commissioner, Appellant.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 21, 1973, which held claimants eligible for benefits, reversed the decision of a referee, and overruled determinations of the Industrial Commissioner that claimants were ineligible for benefits pursuant to subdivision 10 of section 590 of the Labor Law. Claimants were employed as teachers for the 1971–1972 school year in a nursery school operated by a religious congregation as they had been similarly employed for 12 prior years. Claimants are all New York State licensed teachers. At the end of the 1971–1972 school year they had verbal contracts to return to their employment for the 1972–1973 school year for the same employer and, in fact, did so. Although the nursery school was operated by a religious congregation, the school itself was nonsectarian. No formal subjects were taught to the children. The schools were not part of. a co-ordinated educational system and there was no automatic progression of nursery school children into a graded school. The record indicates that the employer, the Suburban Temple, is a nonprofit organization as defined by subdivision 1 of section 563 of the Labor Law. The board held that claimants were eligible for benefits under the terms of subdivision 10 of section 590 of the Labor Law which provides that teachers in institutions of education may not receive benefits for the period between two successive years based on such employment. The decision was based on the board's conclusion that nursery schools provide "no more than a baby-sitting service" and are not institutions of education. The issue in the instant case is whether a nursery school is an educational institution within the meaning of the section. The board found that subdivision 10 of section 590 of the Labor Law is not applicable to the claimants herein because they were not employed in an "institution of education" and, therefore, they were entitled to receive benefits based upon full credit for all their weeks of base period employment, without any portion being disregarded. With this determination this court cannot agree. We have previously considered the question in *Matter of Klein (Levine)* (42 AD2d 640) and there determined that a nursery school teacher was ineligible for benefits between academic years. Decision

reversed, without costs, and matter remitted to the board for further proceedings not inconsistent herewith. Greenblott, J. P., Sweeney, Kane, Main and Larkin, JJ., concur.