■ In the Matter of the Claim of SUZANNE CANOSA, Respondent. LAWRENCE STRAUSS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 29, 1974, which affirmed a referee's decision upholding experience rating charges against the account of the appellant employer. Claimant was employed by appellant as a receptionist. Upon leaving this employment, she applied for benefits. After a hearing at which she defaulted in appearing, a determination was made that she had voluntarily left her employment without good cause. Accordingly, her application was denied. Following a short interim period of employment, she obtained another job from which she was laid off for lack of qualifications to perform the work. This last employment was held terminated under nondisqualifying circumstances and, being found available for employment, she then commenced receiving benefits, a portion of which were charged to appellant herein as her first employer in the base period. He protests claiming, among other things, that the original determination finding her ineligible for benefits upon leaving his employment is *res judicata* on the issue of his responsibility for any charge to his account. Appellant cannot prevail. Claimant's original disqualification can be interrupted by working in covered subsequent employment of not less than three days in each of four weeks or earned remuneration of at least $200 (Labor Law, § 593, subd 3). The chargeback determinations are in inverse chronological order of employment during the base period (Labor Law, § 581, subd 1, par [e]). The fact that claimant's original employment was terminated voluntarily is irrelevant to the issue before us *(Matter of Finkel, Nadler & Goldstein [Levine],* 46 AD2d 196). Decision affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Main and Larkin, JJ., concur.

■ In the Matter of the Claim of HARRIET SHERWIN, Respondent. LOUIS L. LEVINE, as Industrial Commissioner, Appellant.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 18, 1974. The sole issue raised on this appeal is whether or not a nursery school is an "institution of education" within the meaning of subdivision 10 of section 590 of the Labor Law. In *Matter of Nierenberg (Levine)* (48 AD2d 729; see, also, *Matter of Klein [Levine],* 42 AD2d 640), we held that a nursery school is an institution of education. Decision reversed, without costs, and matter remitted for further proceedings not inconsistent herewith. Greenblott, J. P., Sweeney, Kane, Main and Larkin, JJ., concur.