# COURT OF APPEALS

OF

# NORTH CAROLINA

AT

# RALEIGH

IN THE MATTER OF: GENEVA D. HUNTLEY APPELLEE AND CHARLOTTE AREA FUND HEADSTART PROJECT EMPLOYER AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA APPELLANT

No. 7826SC804

(Filed 19 June 1979)

**Master and Servant § 108— Project Headstart—secondary school—exclusion of teacher from unemployment compensation**

The Charlotte Area Fund Project Headstart is a secondary school within the meaning of G.S. 96-13(a)(3), which excludes from unemployment benefits those who are subject to school-related seasonal employment.

·APPEAL by Employment Security Commission from *David Smith, Judge.* Judgment entered 5 June 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 24 May 1979.

As in previous years, petitioner was given a separation notice in June 1977 when Project Headstart, where she was employed, closed for the summer. Her claim for unemployment benefits was denied by a claims deputy and an appeals deputy of the Employment Security Commission of North Carolina (Commission) and she appealed to the Commission, which found as fact:

1. Claimant last worked on June 7, 1977, as a teacher for The Charlotte Area Fund Headstart Project. The school ceased operations on that day for the summer months. Claimant filed a claim for unemployment insurance benefits as of June 5, 1977, and the claim was continued through June 25, 1977.

1

2. Claimant has worked for The Charlotte Area Fund Headstart Project for six years. The project operates on a nine-month basis. Each year the Headstart Project has been operating on a nine-month basis the program has been re-funded for the following year. Claimant has been recalled to her job for each of these school years.

3. The Headstart Program involves kindergarten level instruction for the children who attend.

The Commission concluded that petitioner was unavailable for work within the meaning of G.S. 96-13(a)(3) because Project Headstart falls within the statutory definition of a secondary school and petitioner has at least an implied contract to return to work there each fall.

Petitioner appealed to Superior Court, and the court concluded that the Commission had erred in applying G.S. 96-13(a)(3), as Project Headstart is not a secondary school. The decision of the Commission was reversed, and the Commission appeals.

*Donald S. Gillespie, Jr., for petitioner appellee.*

*Howard G. Doyle, Garland D. Crenshaw, V. Henry Gransee, Jr. and Gail C. Arneke for respondent appellant.*

ARNOLD, Judge.

G.S. 96-13(a) provides in pertinent part: "An unemployed individual shall be eligible to receive benefits with respect to any week only if the Commission finds that— . . . (3) He is able to work, and is available for work . . . . [A]ny employee of a secondary school system or subdivision of a secondary school system . . . shall be considered available for work during any week such individual is on vacation between successive terms . . . *only* if the individual does not have a contract . . . , written, oral, or implied . . . for . . . both such terms." (Emphasis added.) The sole issue which the parties argue before us on this appeal is whether Project Headstart is a "secondary school" within the meaning of G.S. 96-13(a)(3).

"Secondary school" is defined in G.S. 96-8(5)m: "For purposes of this Chapter, 'secondary school' means any school not an institution of higher education as defined in G.S. 96-8(5)1." "Institu-

tion of higher education" is in turn defined by G.S. 96-8(5)1 as an educational institution which provides education beyond high school. Thus, if G.S. 96-13(a)(3) is to apply, Project Headstart must be found to be (1) a school, and (2) not an institution which provides education beyond high school. It clearly meets the second requirement, so we need consider only whether Project Headstart is, in fact, a school.

Petitioner's arguments that Project Headstart is not a North Carolina public school and that it is federally funded and administered through a community action agency are not dispositive. G.S. 96-8(5)m refers not to "any public school" but simply to "any school." Further, we think that the purpose behind the "secondary school provision" of G.S. 96-13(a)(3) would not be served adequately if we read the statute as limited to public schools; school workers, whether in public or private employment, share the circumstance of temporarily not working from time to time because school work ordinarily is not year-round employment, but expecting to return to work when school begins again. We believe it is this type of "temporary unemployment" which the legislature intended to except from unemployment benefits.

Project Headstart is a federal program "focused upon children who have not reached the age of compulsory school attendance which . . . will provide such comprehensive health, nutritional, education, social, and other services as the Director finds will aid the children to attain their full potential." 42 USCA § 2809(a)(1). It may be that Headstart programs across the state choose varying formats to meet these needs, so we do not decide whether all Headstart programs are schools within the statutory definition. Instead, we focus on the characteristics of the Charlotte Area Fund Headstart Project, where petitioner is employed.

Petitioner testified at the hearings before the claims and appeals deputies. Asked what type of work she did at Headstart, petitioner responded, "Teacher." She works there from 8:00 a.m. till 3:30 p.m., five days a week, September through June.

Q. . . . Exactly what are your job duties . . . ?

A. . . . [W]hen they first come in . . . we provide a snack for 'em and it's just a little, regular school.

In re Huntley

Q. It is what, nursery, kindergarden [sic]?

A. Yes.

Q. It's pre-school then.

A. Yes.

Q. Where you — go to school.

A. Yes. Uh-huh.

\*　　\*　　\*　　\*

Q. . . . [O]n your job duties you say you do provide some instructions, for the children, try and help them. I believe . . . you try and help them to reach a kind of parity in first grade with other children?

A. Yes.

Black's Law Dictionary (Rev. 4th Ed. 1968) 1511 defines "school" as a "place for instruction or education." "Education," in turn, "[c]omprehends not merely the instruction received at school or college, but the whole course of training, moral, intellectual, and physical." *Id.* at 604. We believe that the purposes set out for Project Headstart in the federal statutes indicate that Headstart is to provide education in this broad sense, and that the format in which Headstart is conducted by the Charlotte Area Fund and the petitioner's testimony about the activities there show that this Project Headstart is a school within the ordinary meaning of the term. We find that petitioner's situation is one of those addressed by the "secondary school provision" of G.S. 96-13(a)(3), excluding from unemployment benefits those who are subject to school-related seasonal unemployment. The Commission correctly decided that the Charlotte Area Fund Project Headstart is a secondary school within the meaning of G.S. 96-13(a)(3). The judgment of the Superior Court is

Reversed.

Judges MARTIN (Robert M.) and ERWIN concur.