**Lucille ELLIS, Appellee,**

v.

**IOWA DEPARTMENT OF JOB SERVICE, Appellant.**

No. 62868.

Supreme Court of Iowa.

Nov. 14, 1979.

Walter F. Maley and Blair H. Dewey, Des Moines, for appellant.

Linda S. Pettit, Des Moines, for appellee.

Considered by LeGRAND, P. J., and REES, UHLENHOPP, ALLBEE, and LARSON, JJ.

UHLENHOPP, Justice.

This appeal involves the question of whether a worker voluntarily quit her employment without good cause attributable to her employer. *See* § 96.5(1), The Code 1979. No issue of exemption is raised in this case.

The evidence shows that claimant Lucille Ellis, a housekeeper, is allergic to the pollen or the mold or dust on evergreen trees. She testified this "stuff" gets in the air and "clogs [my] sinus and gives [me] a sore throat," and that a previous employer used an artificial tree at Christmas time to accommodate her allergy.

Ellis applied for employment as a housekeeper at Sacred Heart Rectory in West Des Moines, and was hired. At the time of her application she informed the priest of her allergy, and on two other occasions the parties discussed her allergy problem. The following Christmas, in 1976, the rectory did not have a Christmas tree. Ellis' duties were cleaning, washing, ironing, and preparing meals.

Near Christmas in 1977 Ellis was off work two days, and when she returned on December eighteen a natural Christmas tree had been placed in the rectory. The parties disagree as to precisely what then occurred. The record is clear that Ellis asserted she could not work in the rectory with the tree there. She claims she told the priest she would check back on January first or second to see if the tree was down, while the priest contends she simply left the job. In any event, on December twentieth the priest terminated the employment in writing stating, "We cannot tolerate anyone walking off the job especially at this time."

Ellis subsequently found other employment but applied for employment benefits for the interim period. A claims deputy of the Iowa Department of Job Service denied the claim on the ground that Ellis "left [her] employment because of dissatisfaction with the work environment." Ellis appealed within the Department, and a hearing officer found *inter alia*: "When she returned Sunday afternoon, December 18, 1977, there was a Christmas tree in the living room of the rectory. She told her employer she was allergic to pollen and needles on evergreen trees. It clogs her sinus and causes her to have a sore throat. She told her employer she would have to leave and did." In affirming the decision denying benefits, the hearing officer stated in his "Reasoning and Conclusions of Law":

The claimant left her employment because she objected to having a Christmas tree in her employer's living room. She could have remained in the other room during the ten day period or she could have worn a mask. She has not established that her leaving was for any cause attributable to her employer.

Ellis then appealed to the highest level within the Department, which rendered the following "Appeal Board Decision":

The above-captioned matter, having been appealed to the Iowa Department of Job Service under Section 96.6–5, Code of Iowa, has now been reviewed by a majority of the Board. After reviewing the administrative record and the sworn testimony, the Board concludes that the decision of the hearing officer is correct. The Findings of Fact and Reasoning and Conclusions of Law of the hearing officer are by this reference incorporated and made a part of this decision the same as though fully set out herein and the decision of the hearing officer is affirmed.

Ellis then appealed to district court. After hearing, that court overturned the Department's decision and held that Ellis is entitled to benefits. The Department appealed to this court.

■ I. Before reaching the merits the Department contends, as it did in district court, that Ellis did not exhaust her administrative remedies within the Department by seeking a rehearing before the appeal board under section 17A.16, The Code 1979:

2. Any party may file an application for rehearing, stating the specific grounds therefor and the relief sought, within twelve days after the issuance of any final decision by the agency in a contested case. A copy of such application shall be timely mailed by the applicant to all parties of record not joining therein. Such an application for rehearing shall be deemed to have been denied unless the agency grants the application within twenty days after its filing.

Was a rehearing pursuant to this section prerequisite to judicial review at the time of this proceeding? The provisions of chapter 17A, our Administrative Procedure Act, apply to judicial review of the decisions of the appeal board in contested cases of this type. § 96.6(8), The Code. Under the same provision an appeal board decision becomes final "ten days after the date of notification or mailing thereof."

The rule which we follow was quoted thus in *Moravek v. Davenport Community School District,* 262 N.W.2d 797, 802 (Iowa 1978):

"In *Rowen* [*v. LeMars Mutual Insurance Company of Iowa,* 230 N.W.2d 905, 909 (Iowa 1975)], supra, we said the exhaustion rule does not control unless two conditions are present. An administrative remedy must exist for the claimed wrong, and *the statute must expressly or impliedly require that remedy to be exhausted before resort to the courts.*" (Emphasis added.)

An amendment to section 96.6(8) of the Code was not in effect at the time of these events. *See* 1979 Session, 68th G.A., ch. 33, § 14. Examining the statutes which were in effect at the time, we find that section 17A.19(1) required all adequate administrative remedies be exhausted. The statute did not "expressly" state, however, that a rehearing was required. Was a rehearing application "impliedly" required before judicial review was available?

A statutory provision and an administrative rule indicate the negative. Section 17A.19 of the Code provides:

3. If a party files an application under section 17A.16, subsection 2, for rehearing with the agency, the petition for judicial review must be filed within thirty days after that application has been denied or deemed denied. If a party does not file an application under section 17A.16, subsection 2, for rehearing, the petition must be filed within thirty days after the issuance of the agency's final decision in that contested case. If an application for rehearing is granted, the petition for review must be filed within thirty days after the issuance of the agency's final decision on rehearing. In cases involving

a petition for judicial review of agency action other than the decision in a contested case, the petition may be filed at any time petitioner is aggrieved or adversely affected by that action.

This provision implies judicial review is available if a party does not apply for a rehearing. The Department was apparently of this view, for it promulgated the following rule in 370 I.A.C. § 6.4(3):

f. The appeal board's decision shall be final and without further review thirty days after the decision is mailed to all interested parties of record unless within that thirty days a petition for rehearing is filed with the appeal board or a petition for judicial review is filed in the appropriate district court.

We conclude as did the District Judge that rehearing was not prerequisite to judicial review at the time of this case. See Rames, *Exhausting The Administrative Remedies: The Rehearing Bog,* 11 Wyo.L.J. 143, 158–59 (1957). We have no occasion now to deal with the statute as it presently reads.

II. Coming to the merits, we are the ultimate determiner of questions of Iowa *law,* which include construction of Iowa statutes. We stated in *City of Des Moines v. PERB,* 275 N.W.2d 753, 759 (Iowa 1979), "While the court should give the agency's construction weight, it is not bound by that construction. The court is instead obligated to make an independent determination of the statute's meaning." *See also City of Fort Dodge v. PERB,* 275 N.W.2d 393, 396 (Iowa 1979). As to *fact* questions, we stated the rule thus in *Young Plumbing & Heating Co. v. Iowa Natural Resources Council,* 276 N.W.2d 377, 383–84 (Iowa 1979):

Section 17A.19(8)(f) provides that agency action in a contested case may be reversed when it is "unsupported by substantial evidence in the record made before the agency when that record is viewed as a whole." We noted in *City of Davenport v. Public Employment Relations Board,* 264 N.W.2d 307, 311 (Iowa 1978):

Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion. *Grant v. Fritz,* [201 N.W.2d 188,] 197 (Iowa 1972). As provided in Code § 17A.19(8)(f) the entire record must be considered in determining whether the challenged finding has sufficient support. Nonetheless, the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. *Reisner v. Board of Trustees of Fire Retirement System,* 203 N.W.2d 812, 814 (Iowa 1973).

With one exception which we will consider, this record does not present factual questions. It involves construction of the statutory voluntary quit provision with reference to an allergy.

When the priest who originally employed Ellis did so, he knew she had the allergy problem. He nonetheless employed her. He refrained from putting up a tree the first year. The second Christmas the priest then at the rectory had a tree put up, and Ellis left. We may accept the Department's view that she quit. Beyond question she quit because of the effect of the tree on her sinus and throat. Is that a cause attributable to the employer?

A somewhat similar case is *McComber v. Iowa Employment Security Commission,* 254 Iowa 957, 119 N.W.2d 792 (1963). There the worker left because of an allergy, on a physician's recommendation. Here we do not have a physician's recommendation, but one can hardly doubt that an evergreen tree was erected in the rectory, that Ellis does have the allergy, and that she left on account of her allergy. In *McComber* this court said, 254 Iowa at 962, 119 N.W.2d at 795:

The facts found by the Commission here bring the case squarely within the rule laid down in *Raffety v. Iowa Employment Security Commission,* 247 Iowa 896, 76 N.W.2d 787. In that case an employee had been injured in the course of his employment, which rendered him

unable to work for several weeks. When he returned he had been advised by his doctor that the regular work he had been doing before the injury would be too heavy for him, but he could do lighter work. He advised the employer of this, but no lighter work was offered and he sought other employment. We held these facts justified a holding that the employee was qualified for benefits under the Iowa Employment Security Law, Chapter 96, supra.

The presence of a Christmas tree in a rectory is a normal condition; it is a normal incident of employment as a housekeeper in a rectory—without considering, of course, the original understanding of the parties in this case. But it nevertheless caused Ellis a problem and brought about her departure.

The only possible recitation in the agency decision which militates against application of *McComber* is the hearing officer's statement—in his "Reasoning and Conclusions of Law" rather than his fact findings—that Ellis could have stayed out of the living room or worn a mask. This appears to be conclusory speculation on the officer's part. But if it is taken as a fact finding the question is whether, taking the record as a whole under the *Young* principle, it has substantial evidentiary support. We have reviewed the record from beginning to end and find no evidence to support the statement as a fact.

The District Judge viewed the case as follows:

> After giving due consideration to the whole record herein, this Court rules that the decision of the hearing officer and of the appeal board is not supported by substantial evidence and does not support their respective finding that she voluntarily quit her position. On the contrary, the record as a whole supports Petitioner's position that she had an allergic condition to natural Christmas trees, that this fact was conveyed to her employer at the time of employment and periodically during her employment, that in spite of such notice and of such knowledge, the employer chose to erect and position a natural Christmas tree in an area approximate to Petitioner in her ordinary work and such condition would cause working conditions that would not be reasonably tolerable for her. The Court rules, therefore, that this record as a whole is not supportive of the hearing officer and the appeal board's decision that Petitioner voluntarily quit and, in fact, supports the position of Petitioner that she temporarily left her employment because of conditions brought about by her employer.

We hold that Ellis left for good cause attributable to her employer. We therefore uphold the judgment of the district court and return the case to the Department for allowance of benefits.

AFFIRMED AND REMANDED.