**K.M. SIMPSON, et al.,**
**Petitioner-Appellant,**

v.

**IOWA DEPARTMENT OF JOB SERVICE, Respondent-Appellee.**

No. 2–67811.

Court of Appeals of Iowa.

Oct. 28, 1982.

Mosier, Thomas, Beatty, Dutton, Braun & Staack, Waterloo, for petitioners-appellants.

Blair H. Dewey, Des Moines, and Robert C. Andres, Waterloo, for respondent-appellee.

JOHNSON, Judge.

The petitioners, employees of Black Hawk-Buchanan County Head Start, appeal from the district court's decision affirming the respondent-agency's, Department of Job Service, denial of their claims for unemployment benefits. The petitioners, who were unemployed for the summer, claim that their unit was not an educational institution within the meaning of Iowa Code § 96.19(37) (1981), and that they were thus entitled to receive unemployment benefits for the summer while they were unemployed. We affirm.

The Head Start's primary function is the instruction of preschool children on basic skills. This unit of Head Start had a preschool license issued by the Department of Social Services. Petitioners were employed pursuant to a written contract which excluded employment for the summer months. The petitioners thus sought unemployment benefits during the summer of 1980. The employer resisted their claims for benefits, contending that the Head Start unit was an educational institution within the meaning of Iowa Code § 96.19(37) (1981). The employer argued that petitioners were disqualified from receiving unemployment compensation pursuant to Iowa Code § 96.4(5) (1981), because petitioners had a reasonable assurance of employment as the term is used in the statute.

The agency determined that the Head Start unit did, in fact, engage in the instruction of skills and information, that it had been approved and licensed by a governmental agency to operate as a preschool, and that it was engaged in a course of study or training which provided preparation for gainful employment. On this basis, the agency determined that petitioners were disqualified under Iowa Code § 96.4(5) from receiving benefits on the basis that they were school employees between successive academic terms, with reasonable assurance of reemployment in the following school term.

Petitioners filed their petition for judicial review of the agency's decision asserting that they were not disqualified under section 96.4(5), because their employer was not a school or educational institution within the meaning of the statute. The district court on judicial review affirmed the agency's action.

**I. Scope of Review.** Pursuant to Iowa Code § 17A.20 (1981), our review is limited to a determination of whether the district court committed errors of law when it exercised its power of review of agency action under Iowa Code § 17A.19 (1981). *Iowa Civil Rights Commission v. Woodbury County Community Action Agency*, 304 N.W.2d 443, 446 (Iowa Ct.App.1981). Section 17A.19 limits the district court's review to a determination of whether the agency's action is *inter alia*, "[i]n violation of constitutional or statutory provisions." Iowa Code § 17A.19(8)(a) (1981). Thus, to determine whether the district court properly exercised its power of judicial review, this

court applies the standards of section 17A.19(8) to the agency action to determine whether this court's conclusions are the same as those of the district court. If the conclusions are the same, affirmance is in order. If they are not, reversal may be required." *Jackson County Public Hospital v. PERB,* 280 N.W.2d 426, 429–30 (Iowa 1979).

**II. Subject Matter Jurisdiction.** The agency, in its answer to the petition for judicial review, raised an issue regarding the subject matter jurisdiction of the district court. Specifically, the agency alleged that petitioners failed to exhaust their administrative remedies by filing no application for rehearing with the agency pursuant to Iowa Code § 96.6(8) (1981).

■ Jurisdiction cannot be established by consent, waiver or estoppel, but rather is a matter of statute. *Cunningham v. Iowa Department of Job Service,* 319 N.W.2d 202, 204 (Iowa 1982). Addressing the ability of an appellate court to review its subject matter jurisdiction on its own motion, the court in *Pierce v. Pierce,* 287 N.W.2d 879, 881 (Iowa 1980), stated the following:

> "The court's jurisdiction of the subject matter, however, may be raised at any time and is not waived even by consent." *Green [v. Sherman],* 173 N.W.2d [843] at 846. We will determine subject matter jurisdictional issues even though not raised in the appellate briefs of either party. *Select Motor Sales, Inc. v. Pruisner,* 236 N.W.2d 299, 302 (Iowa 1975). Also, we will examine the grounds for jurisdiction on our own motion before proceeding further. *Qualley v. Chrysler Credit Corp.,* 261 N.W.2d 466, 468 (Iowa 1978). If we determine subject matter jurisdiction is absent, an order dismissing the petition is the only appropriate disposition. *Lloyd v. State,* 251 N.W.2d 551, 558 (Iowa 1977).

*See also Powell v. Khodari-Intergreen Co.,* 303 N.W.2d 171, 173–74 (Iowa 1981).

■ We next focus on the relevant statute, Iowa Code § 96.6(8) provides in part that: "[a]n application for rehearing *shall* be filed pursuant to section 17A.16." (emphasis added). *See also* 1979 Iowa Acts ch. 33 § 14. In discussing the jurisdictional necessity of a petition for rehearing, the court in *Ellis v. Iowa Department of Job Service,* 285 N.W.2d 153 (Iowa 1979), held that a rehearing was not required to secure the jurisdiction of the district court. *Id.* at 155. The *Ellis* court, however, noted that it was examining only the predecessor to current section 96.6(8) and not the 1979 amendment. *Id.*

Section 96.6(8) refers specifically to Iowa Code § 17A.16, which states that "[a]ny party *may* file an application for rehearing . . . ." (emphasis added). The discretionary aspect of the petition for rehearing is further discussed in Iowa Code § 17A.19(3) which states: "[i]f a party does not file . . . for rehearing, the petition [for judicial review] must be filed within thirty days after the issuance of the agency's final decision in that contested case." *See also* 370 Iowa Admin.Code § 6.4(3). In light of these relevant sections, we conclude that the use of the imperative term "shall" in section 96.-6(8) only requires those who elect to file a petition for rehearing to follow the procedure in section 17A.16 and does not require all parties seeking judicial review to file a petition for rehearing before the agency as a jurisdictional prerequisite.

**III. Is Head Start an Educational Institution Within the Meaning of Iowa Code § 96.19(37) (1981)?** Petitioners argue that Head Start is not an educational institution within the meaning of Iowa Code § 96.-19(37) (1981), so as to bar the employees from unemployment benefits under Iowa Code § 96.4(5)(b)(c)(d) (1981). The agency argues that petitioners are barred from receiving unemployment benefits. We agree with the agency.

■ To qualify under section 96.19(37)[1] as an "educational institution" the unit

---

1. Section 96.19(37) provides that:
   "Educational institution" means one in which participants, trainees or students are offered an organized course of study or training designed to transfer to them knowledge, skills, information, doctrines, attitudes or abilities,

must: (1) provide instruction to students; (2) be approved, licensed or issued a permit by the State Department of Public Instruction or other government agency that is authorized within the State to approve, license or issue a permit for the operation of a school; and (3) offer a course of study which may be academic, technical or prepatory for gainful employment in a recognized occupation. Petitioners argue that: (1) Head Start does not offer to its participants an organized course of study or training designed to transfer to them knowledge, skills, information, doctrines, attitudes or abilities from, by or under the guidance of an instructor or a teacher; (2) Head Start is not approved, licensed or issued a permit to operate as a school by the State Department of Public Instruction or other governmental agency that is authorized within the State to approve, license or issue a permit for the operation of a school; and (3) the course of study or training which it offers is neither academic, technical, trade nor preparatory for gainful employment in a recognized occupation. The agency found that all three elements were satisfied.

■ It is agreed between the parties that Head Start has not been approved, licensed or issued a permit to operate as a school by the State Department of Public Instruction. Head Start, however, was issued a preschool license by the Department of Social Services under Iowa Code § 237A (1981), in the name of Black Hawk-Buchanan County Head Start. We believe petitioners seek to set up a semantic argument regarding the distinction between institutions for education and institutions for social welfare and rehabilitation. It is important to note that the legislature did not, by using the language of section 96.19(37), constrain schools to only those agencies or entities that were

licensed by the Department of Public Instruction, but went on to include "other government agenc[ies] ... authorized within the State to approve, license or issue a permit for the operation of a school." Id. A preschool for the purposes of licensing under chapter 237A is defined as: "... a child day care facility which provides to children ... programs designed to help the children to develop intellectual skills, social skills and motor skills, and to extend their interest and understanding of the world around them." Iowa Code § 237A.1(14) (1981).[2] We conclude that the Department of Social Services is a state agency within the parameters of section 96.19(37).

Petitioners next argue that Head Start training does not offer "academic, technical, trade or preparation for gainful employment in a recognized occupation." "Black's Law Dictionary (Rev. 4th Ed. 1968) 1511 defines 'school' as a 'place for instruction or education.' 'Education,' in turn, '[c]omprehends not merely the instruction received at school or college, but the whole course of training, moral, intellectual, and physical.' Id. at 604." Matter of Huntley, 42 N.C. App. 1, 4, 255 S.E.2d 574 (1979).

The record reflects that there are four components to the Head Start program at issue here: a health component; parental involvement component; social services component; and educational component. The educational component involves the teaching of language, speaking, and self-expression. The Head Start participants are oriented toward preparation for the public school system. Additionally, the parents of Head Start children are educated in nutrition and child care. Admittedly, there are elements of the Head Start program which could not be considered academic, but which we believe are sufficient indicia of academic training to warrant a finding consistent

from, by or under the guidance of an instructor or teacher. It is approved, licensed or issued a permit to operate as a school by the state department of public instruction or other government agency that is authorized within the state to approve, license or issue a permit for the operation of a school. The course or study or training which it offers

may be academic, technical, trade or preparation for gainful employment in a recognized occupation."

2. The employer currently does not qualify as a preschool under section 237A.1(14) because it has four hours of contact with the children rather than the three hours specified by statute.

with section 96.19(37). *See Matter of Huntley* (unemployment claimants who were employed by Head Start in North Carolina found to be disqualified for unemployment benefits because Head Start was within the meaning of "secondary school"). *Sherwin v. Levine S. Ct.*, 48 A.D.2d 733, 367 N.Y. S.2d 868, 869 (1975) (nursery school teachers held not entitled to unemployment benefits between successive terms because nursery school was an "institution of education" under New York's unemployment law).

"The Iowa employment security law (ch. 96, The Code) has for its purpose the payment of prescribed benefits to those who suffered the hardship and privation imposed by involuntary unemployment." *New Homestead v. Iowa Department of Job Service*, 322 N.W.2d 269, 272 (Iowa 1982) (LeGrand, J., dissent). In light of this policy, we agree with the district court's conclusion that Head Start is an educational institution within the meaning of section 96.19(37) and that as such petitioners are barred from unemployment compensation since they had reasonable assurance of reemployment in the next successive academic term in a similar capacity.

AFFIRMED.