Barbara **MONTGOMERY** and Patrick Montgomery, Petitioners-Appellants,

v.

**IOWA DEPARTMENT OF HUMAN SERVICES, Respondents-Appellees.**

No. 86–1050.

Court of Appeals of Iowa.

May 28, 1987.

Jacques D. Schira and Nick Critelli of Nick Critelli and Associates, Des Moines, for petitioners-appellants.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Sp. Asst. Atty. Gen., and Katherine S. Miller-Todd, Asst. Atty. Gen., for respondents-appellees.

Heard by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

DONIELSON, Presiding Judge.

The petitioners, Barbara and Patrick Montgomery, appeal from the district court's dismissal of their appeal from the Iowa Department of Human Services denial of their request for a fair hearing on the grounds of mootness. The Montgomerys contend that Iowa Code sections 235A.18–.19 (1985), pertaining to the investigation and determination of child abuse, apply retroactively and control their case. The Montgomerys further contend that: (1) their appeal is not moot where they have a legitimate concern in seeking further, allegedly available, remedial action, and (2) even if the appeal is moot, a hearing should nevertheless be granted since important issues of statutory construction and administration ruling propriety are involved. We reverse and remand to the district court.

The present case arises from a complaint given to the Iowa Department of Human Services by a parent of a child who had been cared for by the Montgomerys in their licensed day care facility at their home in Ames. On January 14, 1985, the parent filed a child abuse intake report concerning her sons, alleging that the Montgomerys were responsible for denial of critical child care. The report was investigated by a Story County child protection investigator, resulting in a final report being filed with the Child Abuse Registry (hereinafter referred to as Registry) on April 29, 1985. Based upon interviews with past and present day care parents, neighbors, and acquaintances concerning the Montgomerys' abilities with children, the final report concluded that child abuse had occurred and that the Montgomerys were responsible. The report stated that the original complaint was "founded." The Montgomerys believed they were wrongly accused and, on June 6, 1985, sent a written request for correction of the information in the final report and to expunge the finding of founded child abuse.

On July 1, 1985, Iowa Code Chapters 232 and 235A as amended came into effect. Chapter 235A sets forth the substantive, remedial, and procedural law concerning the investigation and determination of child abuse. On August 9, 1985, the Bureau Chief of the Adult, Children and Family Services branch of the Department refused the Montgomerys' request for correction and expungement but changed the findings from "founded" to undetermined. The Montgomerys filed an appeal from this determination on August 23, 1985, requesting a fair hearing, and a notice of hearing was issued by the Department on November 21, 1985, setting the hearing for December 18, 1985. The Department rescheduled the hearing on December 5, 1985, based upon the Montgomerys' request for an extension.

On January 16, 1986, the Montgomerys received a letter from the Department denying the requested hearing, stating that the issue on appeal was moot because the Registry had expunged the report. The Montgomerys appealed to Polk County District Court on February 4, 1986. The Department filed an answer on March 16, 1986, and a motion to dismiss on April 14, 1986. The district court granted the Department's motion to dismiss, ruling that the issues were moot.

Under the Iowa Administrative Procedure Act, the district court functions in an appellate capacity to correct errors of law on the part of the agency. *Barnes v. Iowa Dep't of Transp.*, 385 N.W.2d 260, 263 (Iowa 1986). Our review of a decision of a district court rendered pursuant to the Iowa Administrative Procedure Act, Iowa

Code section 17A.19, is limited to the sole question of whether the district court correctly applied the law. *Jackson County Public Hosp. v. Public Employment Relations Bd.*, 280 N.W.2d 426, 429 (Iowa 1979). We must therefore apply the standards of section 17A.19(8) to the agency action to determine whether our conclusions are the same as those of the district court. *Lefebure Corp. v. Iowa Dep't of Job Service*, 341 N.W.2d 768, 770 (Iowa 1983).

■ The Montgomerys first contend that Iowa Code sections 235A.18–.19 (1985), as amended, are applicable and controlling of the issues presented on appeal and should be applied retrospectively. We note that the Department concedes that sections 235A.18–.19 as amended are to be applied retroactively. We therefore need not elaborate at length on this issue. We hold that Iowa Code sections 235A.18–.19 (1985), as amended, are to be applied retroactively from the July 1, 1985, effective date of these rules as amended.

We must next address whether the district court erred in dismissing the Montgomerys' appeal from the Department's denial of a hearing based upon a determination that expungement of the child abuse report from the Registry rendered the Montgomerys' claims moot. The Montgomerys argue that a justiciable controversy remains despite expungement of the Registry's report since information to which many other groups have access has not been corrected. The Montgomerys assert that they have a legitimate concern with the accuracy of reports since such information reflects on their character. The Montgomerys further suggest that the Registry's expungement does not affect their right to a fair hearing under Iowa Code section 235A.19(2), since there are remedies besides expungement which are available to clear their names. Finally, the Montgomerys contend that even if these issues are moot as to their own cause, a hearing should nonetheless be granted because they involve important questions of statutory construction and administrative ruling propriety.

Under Iowa law, a claim will be dismissed for mootness if "it no longer presents a justiciable controversy because the issues involved are academic or nonexistent." *Toomer v. Iowa Dep't of Job Service*, 340 N.W.2d 594, 598 (Iowa 1983), *citing Iowa Bankers Association v. Iowa Credit Union Department*, 335 N.W.2d 439, 442 (Iowa 1983). A case is therefore moot when judgment, if rendered, would have no practical legal effect upon the existing controversy. *City of Dubuque v. Public Employment Relations Board*, 339 N.W.2d 827, 831 (Iowa 1983).

In determining that the issues involved in the Montgomerys' appeal were moot, the district court found that no other remedy was available to the Montgomerys other than expungement and that because expungement of the Registry report had already occurred, the court could provide no additional remedy. We disagree.

Pursuant to the preamended section 235A.19(2), the Registry was required to provide the opportunity for a fair hearing when it initially determined that the information should not be corrected or expunged as corrected. Section 235A.19(2), as amended, however, provides for expanded opportunities for those accused of child abuse to challenge the information obtained by the Registry:

2. A person may file with the department within six months of the date of the notice of the results of an investigation required by section 232.71, subsection 7, a written statement to the effect that child abuse information referring to the person is in whole or in part erroneous, and may request a correction of that information or of the findings of the investigation report. The department shall provide the person with an opportunity for an evidentiary hearing pursuant to chapter 17A to correct the information or the findings, unless the department corrects the information or findings as requested. *The department shall delay the expungement of information which is not determined to be founded until the conclusion of a proceeding to correct the information or findings.* The department may defer the hearing until

the conclusion of a pending juvenile or district court case relating to the information or findings. (emphasis added)

 In the present case, the Montgomerys filed a written request for the correction of information contained in the Registry report on June 6, 1985. The Montgomerys were therefore well within the six-month period prescribed by section 235A.19(2). On August 9, 1985, the Department, in a letter to the Montgomerys' counsel, denied the requested correction and expungement, but did change the determination of child abuse from "founded" to "undetermined." The Montgomerys therefore filed an appeal from this determination on August 23, 1985. Since the Department did not correct the information as requested, the Montgomerys were thus entitled, pursuant to section 235A.19(2), to an evidentiary hearing to correct the information or the findings. Under section 235A.19(2), since the Department changed the determination from "founded" to "undetermined," the Department was obligated to "delay the expungement of information which is not determined to be founded until the conclusion of a proceeding to correct the information or findings."

 While it is true that pursuant to section 235A.18(2) "child abuse information which cannot be determined by a preponderance of the evidence to be founded or unfounded shall be expunged one year after the receipt of the initial report of abuse," section 235A.18(3) provides that "if a correction of child abuse information is requested under section 235A.19 and the issue is not resolved at the end of the one-year ... period, the information shall be retained until the issue is resolved...." In the present case, though the Registry did expunge the report one year after the initial report of abuse, at the time of the expungement the Montgomerys' request for correction of the information had not been resolved. Consequently, pursuant to sections 235A.18(3) and 235A.19(2), such information should have been retained and expungement delayed until the issues had been resolved in an evidentiary hearing. We therefore hold that pursuant to sec-

tions 235A.18 and 235A.19, the issues involved did not become moot and that the Montgomerys should therefore be granted a hearing to correct the information or findings.

In holding that the Montgomerys should be afforded a hearing, we note that while the information at the Registry was expunged, such information was also transmitted to the juvenile court and the county attorney pursuant to Iowa Code section 232.71. Section 235A.15 also provides for eleven different agencies, organizations, and individuals who may have access to such information. Since the record is not clear as to who actually received such information, and since the Registry must inform all persons who may have received the information of the suspected child abuse that such information has been corrected or expunged, a hearing will ensure that all such individuals and organizations will not possess incorrect information. Iowa Code § 235A.19(5) (1985).

Additionally, we note that while the child abuse report was expunged, this expungement did nothing to alleviate the stigma or disgrace resulting from the adverse findings in the report. The findings of the report reflected directly on the character and standing of the Montgomerys. While most certainly it was the intention of the legislature in amending Chapter 235A to provide for greater protection for children, the provisions were also certainly amended to provide a greater opportunity for persons accused of child abuse to correct any adverse findings. Since the Montgomerys claimed their innocence, they certainly have a real justiciable issue concerning their innocence which the expungement did not address. See *Feight v. State Real Estate Commission*, 151 Neb. 867, 874–75, 39 N.W.2d 823, 828 (1949) (wherein the court held that termination of real estate license upon adverse agency finding did not have effect of removing the stigma or disgrace resulting from a finding of impropriety, and therefore even though the suspension period was expired and petitioner was back in business, the case was not moot). Thus, the Montgomerys' claim that the initial

finding of child abuse was wrongly entered raises a justiciable issue despite the subsequent expungement.

We therefore reverse the district court's ruling affirming the Department of Human Services dismissal of the Montgomerys' appeal and remand to the district court to enter an order consistent with this opinion.

REVERSED AND REMANDED.