**Larry ROTH, Appellant,**

v.

**Michael V. REAGEN, Commissioner,
Iowa Department of Human
Services, Appellee.**

No. 87–263.

Supreme Court of Iowa.

April 13, 1988.

Robert F. Wilson and Deborah L. Leonard, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Kathrine S. Miller–Todd, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, LAVORATO and ANDREASEN, JJ.

LAVORATO, Justice.

In his mandamus and declaratory judgment action against Michael V. Reagen, Commissioner of the Iowa Department of Human Services, Larry Roth alleged that Iowa Code section 235A.18(2) (1987) violated his rights of due process, privacy, and equal protection. The challenged provision of that statute requires the department to keep records of unfounded child abuse accusations for six months.

Roth maintains his summary judgment motion, and not the commissioner's, should have been granted. In his motion Roth asserted his constitutional rights were violated as a matter of law when the department kept such a record against him.

Finding no such violation, we affirm.

### I. *Background Facts and Proceedings.*

The relevant facts here are undisputed. Roth was accused of sexually abusing his stepdaughter. When an investigation by the police and the department showed that the accusation was unfounded, a record of the accusation and the investigation's disposition was entered in the central registry for child abuse information. *See* Iowa Code § 235A.14. Registry information is highly confidential, *see id.* at § 235A.15, and disclosure of it to unauthorized persons is a criminal offense, *id.* at § 235A.21(1).

After the investigation, Roth asked the department to expunge his record from the registry. The department informed him that the record would be expunged six months after the date of the accusation, as required by Iowa Code section 235A.18(2).[1]

Roth brought this action one day before his record was to be expunged. He asked the district court, first, to order expungement of his record and, second, to declare section 235A.18(2) to be unconstitutional. He then moved for summary judgment, arguing that the facts were undisputed and that, as a matter of law, his constitutional rights had been violated.

The commissioner filed a response and a cross-motion for summary judgment, contending that Roth's request for expungement was moot and that he had failed to demonstrate any deprivation of constitutional rights. Roth replied that his claim for expungement was not moot because he had filed it while still listed in the registry and that entry of his name there deprived him of his constitutional rights.

The district court granted the commissioner's motion and denied Roth's. It held that Roth's request for expungement was moot and that his constitutional claims had no basis in law.

The district court decided the motion and cross-motion for summary judgment on the pleadings. *See* Iowa R.Civ.P. 237(c). Because the facts are not in dispute, the only question is what legal consequences flow from those facts. Thus, summary judgment is proper. *See Jacobs v. Stover*, 243 N.W.2d 642, 643 (Iowa 1976).

### II. *The Mootness Issue.*

In count I of his two-count petition Roth sought mandamus relief against the commissioner to require him to remove Roth's name from the registry. *See generally*

---

1. Iowa Code § 235A.18(2) provides in pertinent part:

> 2. Child abuse information ... which is determined by a preponderance of the evidence to be unfounded shall be expunged six months after the receipt of the initial report of abuse, as a result of any of the following:
> a. The investigation of a report of suspected child abuse by the department.

Iowa Code ch. 661. Roth asserted that the failure to expunge the record violated his constitutional rights of due process, privacy, and equal protection. By the time the district court ruled, the six-month requirement in section 235A.18(2) had expired. Hence, the district court found that the expungement "[had] been done" and that the issue was moot.

On appeal Roth challenges the district court's finding. He claims he has never received verification that the expungement has been accomplished. We find no merit in Roth's challenge.

Our mootness rule requires a claim to be dismissed "when judgment, if rendered, will have no practical legal effect upon the existing controversy." *Toomer v. Iowa Dep't of Job Serv.*, 340 N.W.2d 594, 598 (Iowa 1983). Thus, if the district court correctly found that expungement had been done, the issue was moot.

We note that Roth never contended in his memorandum in support of his motion for summary judgment that the record had not been expunged. In his summary of the facts Roth seems to concede the record had remained only six months on the registry: "The Department ... investigated the accusation, found it to be unfounded and proceeded to damage his reputation *by maintaining his name on the child abuse registry ... for ... six months....*" (Emphasis added.) Given this statement, we think the district court could reasonably believe that Roth was conceding the record had been expunged.

Moreover, Roth did not file a motion to enlarge or amend the district court's finding even though "such a motion is permitted following entry of summary judgment." *State Farm Mut. Auto. Ins. Co. v. Pflibsen*, 350 N.W.2d 202, 206 (Iowa 1984); *see also* Iowa R.Civ.P. 179(b), 237(c). A rule 179(b) motion is necessary to preserve error for our consideration "when a trial court fails to resolve an issue, claim, defense, or legal theory properly submitted to it for adjudication." *Pflibsen*, 350 N.W.2d at 206.

We conclude the district court correctly dismissed count I as moot.

### III. *The Constitutional Issues.*

In count II of his petition, Roth sought relief declaring section 235A.18(2) unconstitutional because it violated his rights of due process, privacy, and equal protection of the law. Our decision that count I is moot, however, renders count II moot as well. Because we need not order expungement of Roth's record, a constitutional decision now would afford him no additional relief. *See Toomer*, 340 N.W.2d at 598.

Normally, we would refrain from addressing any constitutional issues unnecessary for the disposition of a case. *See, e.g., Diehl v. Iowa Beer & Liquor Control Dep't*, 422 N.W.2d 480, 481 (Iowa 1988); *In re J.A.N.*, 346 N.W.2d 495, 498 (Iowa 1984). Here, however, we think the "public interest" exception to the mootness doctrine applies. This exception allows consideration of moot issues "when (1) they are of great public importance and (2) are likely to recur." *Rush v. Ray*, 332 N.W.2d 325, 326 (Iowa 1983). We think these conditions are satisfied here. Hence, we turn to the constitutional issues in count II of Roth's petition.

In alleging violations of his due process, privacy, and equal protection rights, Roth does not specify the constitution or constitutional provision that was allegedly violated. In his motion for summary judgment Roth asserted that both the United States and the Iowa constitutions were violated, making no reference to any particular provisions of these documents. In his memorandum in support of the motion, Roth similarly mentions both constitutions but again makes no reference to any particular provisions.

It appears from the district court's ruling that it decided the due process, privacy, and equal protection challenges under the fourteenth amendment to the United States Constitution and found no violation.

Roth filed no rule 179(b) motion requesting enlargement or amendment of the court's findings. Thus, we similarly confine ourselves to a discussion of the due process, privacy, and equal protection chal-

lenges under the fourteenth amendment. In doing so, we note Roth continues to assert on appeal these federal and state constitutional violations without designating the particular provision that was violated.

We accord a strong presumption of constitutionality to statutes. *State v. James,* 393 N.W.2d 465, 467 (Iowa 1986). One who challenges a statute as unconstitutional

> assume[s] a heavy burden as the following propositions are well established. Ordinarily statutes regularly enacted by the legislature will be accorded a strong presumption of constitutionality and all reasonable intendments must be indulged in favor of the legislation attacked. One who challenges legislation on constitutional grounds has the burden to negate every reasonable basis upon which the statute may be sustained. Where the constitutionality of a statute is merely doubtful or fairly debatable, the courts will not interfere. Thus a statute will not be declared unconstitutional unless it clearly, palpably and without doubt, infringes the Constitution.
>
> The judicial branch of the government has no power to determine whether the legislative Acts are wise or unwise, nor has it the power to declare an Act void unless it is plainly and without doubt repugnant to some provision of the Constitution.

*State v. Hall,* 227 N.W.2d 192, 193 (Iowa 1975) (citations omitted); *accord James,* 393 N.W.2d at 467.

A. *The Due Process Challenge.* Roth's argument in support of his contention that section 235A.18(2) violated his due process rights is simply this. Before one can constitutionally be deprived of a property interest, procedural due process must be followed. One's reputation is a property interest sufficient to invoke the procedural protection of the due process clause of the fourteenth amendment. Before any deprivation of that interest, the process due is notice and an opportunity to be heard. The opportunity to be heard includes the right to have the matter heard by a tribunal having jurisdiction of the case and to have

the matter resolved in a manner consistent with essential fairness.

Roth asserts he was unconstitutionally deprived of his reputation when the unfounded sexual abuse record was maintained in the registry for six months. According to Roth, the deprivation occurred because he was not notified of such action and was not given an opportunity to be heard and to have his name removed.

■ The weak link in Roth's argument is his assertion that reputation is a property interest sufficient to invoke the procedural protection of the due process clause. This same argument was made and rejected in *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405, 414 (1976).

In *Davis,* the plaintiff was arrested for shoplifting. While the charge was pending, the local police circulated to merchants the plaintiff's name and photograph, along with others, on a flyer carrying the heading "Active Shoplifters." Ultimately the charge was dismissed. The plaintiff sued the police under 42 U.S.C. section 1983, claiming their defamation deprived him of "liberty" protected by the due process clause of the fourteenth amendment.

Finding no such deprivation, the Court said:

> While we have in a number of our prior cases pointed out the frequently drastic effect of the "stigma" which may result from defamation by the government in a variety of contexts, this line of cases does not establish the proposition that reputation alone, apart from some more tangible interests such as employment, is either "liberty" or "property" by itself sufficient to invoke the procedural protection of the Due Process Clause.

*Davis,* 424 U.S. at 701, 96 S.Ct. at 1160–61, 47 L.Ed.2d at 414. Reviewing a number of its prior cases dealing with government action defaming government employees, the Court noted it "has never held that the mere defamation of an individual, whether by branding [the person] disloyal or otherwise, was sufficient to invoke the guarantees of procedural due process absent an accompanying loss of government employ-

ment." *Id.* at 706, 96 S.Ct. at 1163, 47 L.Ed.2d at 416–17.

Apart from those interests guaranteed by the Bill of Rights, the interests comprehended within the meaning of either "liberty" or "property" in the due process clause are those which the state has initially recognized and protected by state law. *Id.* at 710 & n. 5, 96 S.Ct. at 1165, & n. 5, 47 L.Ed.2d at 419 & n. 5; *see also Builders Transp., Inc. v. State,* 421 N.W.2d 539, 542 (Iowa 1988) (state's consent to be sued for negligent supervision is not a "property" interest for due process purposes). Whenever the state seeks to remove or significantly alter the protected status, the Supreme Court has stepped in and applied the procedural guarantees of the fourteenth amendment. *Davis,* 424 U.S. at 710–11, 96 S.Ct. at 1165, 47 L.Ed.2d at 419. Reputation alone is not one of those interests. *Id.* at 711, 96 S.Ct. at 1165, 47 L.Ed. 2d at 420.

The *Davis* court noted that Kentucky, where the defamation had occurred, does not "extend to the [plaintiff] any legal guarantee of present enjoyment of reputation which has been altered as a result of [the defendants'] actions." *Id.* at 711–12, 96 S.Ct. at 1165, 47 L.Ed.2d at 420. Thus, vindication of any damage to reputation is left to state tort law. *Id.* at 712, 96 S.Ct. at 1165–66, 47 L.Ed.2d at 420.

■ Similarly, Iowa does not provide any legal guarantee of present enjoyment of reputation. Our tort law provides the forum to redress any damage resulting from defamation. Thus, to prevail in the district court, Roth had to show more than damage to his reputation. We agree with the district court that Roth did not do so.

Roth alleged "evidence could show that damage to his reputation goes to his employability and in particular, promotions in his employment, emotional distress, his

standing in the community, and other items that could and would be introduced at the time of trial." Assuming evidence establishing these allegations would be sufficient to create a "property" interest,[2] we note Roth produced no facts to generate an issue regarding them. *See* Iowa R.Civ.P. 237(e).

The district court here was left with a bare allegation of damages to reputation. The court correctly found that this allegation failed, as a matter of law, to establish "deprivation of any property cognizable at law that would trigger the requirements of due process." Consequently, Roth did not prove section 235A.18(2) was unconstitutional on that basis, and the court correctly denied his motion for summary judgment.

■ B. *The Right of Privacy and Equal Protection Challenges.* The district court addressed Roth's right of privacy challenge though it was not supported by factual allegations in either his motion for summary judgment or in his response to the commissioner's motions. He relied there, as here, on the bald assertion that simply placing and maintaining his name in the registry on the basis of an unfounded report is an invasion of his constitutional right of privacy.

Relying on *Davis,* the district court found, as a matter of law, no such violation. *See Davis,* 424 U.S. at 712–13, 96 S.Ct. at 1166, 47 L.Ed.2d at 420–21 (public disclosure of arrest is not a violation of any constitutionally protected privacy interest). The district court noted that Roth's circumstances were even weaker than those in *Davis.* The court further noted that in *Davis* the arrest was made public, whereas here the record is highly confidential by statute, *see* Iowa Code § 235A.15, and a statement that the accusation is unfounded is part of the record, *see id.* at § 235A.14(6).

---

**2.** In *Davis,* the plaintiff similarly alleged that the defamation "would inhibit him from entering business establishments for fear of being suspected of shoplifting and possibly apprehended and would seriously impair his future employment." Because the district court had sustained the defendants' motion to dismiss, the Supreme Court accepted these allegations as true. 424 U.S. at 697, 96 S.Ct. at 1159, 47 L.Ed.2d at 411. Nevertheless the Court concluded these elements of damages, although properly a part of a defamation claim, were not enough to constitute a deprivation of property within the meaning of the due process clause. *Id.* at 712, 96 S.Ct. at 1165–66, 47 L.Ed.2d at 420.

We also note that a disclosure of the record to unauthorized persons is a criminal offense, *see id.* at § 235A.21, and that the aggrieved party is entitled to civil damages, *see id.* at § 235A.20. This is in keeping with the legislative policy, stated in section 235A.12, of providing "maximum safeguards against the unwarranted invasions of privacy." *Cf. Whalen v. Roe*, 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977) (statute requiring maintenance in centralized computer of the names and addresses of persons who obtain by prescription certain drugs for which there is both a lawful and unlawful market does not violate a constitutionally protected right of privacy; Court noted statute provided criminal penalties for unauthorized public disclosure of identity of such persons).

We see no reason to disturb the district court's finding, especially when Roth fails to support his right of privacy challenge with any substantive argument.

■ Similarly, regarding his equal protection challenge, Roth relied on the same bald assertion that simply placing and maintaining his name in the registry on the basis of an unfounded report denied him equal protection. The district court disagreed and found as a matter of law no such denial.

On appeal Roth argues that no compelling state interest appears to justify the practice. Roth also argues that if a compelling state interest exists, it does not override his fundamental constitutional rights under the strict scrutiny test.

These arguments are without merit. We think the statute strikes a proper balance between the state's compelling interest in protecting children against abuse and the individual's interest in privacy and reputation. *See* Contemporary Studies Project, *Iowa Professionals and the Child Abuse Reporting Statute—A Case of Success*, 65 Iowa L.Rev. 1273, 1286, 1282-83 (1980) ("On a general level, the state can justify its intervention on the basis of the state's compelling interest in the health and safety of its children.") (citing the following statistics: 30,000 to 40,000 instances of battered children each year; 100,000 additional instances of sexual abuse; and 200,000 to 300,000 additional cases of psychological abuse).

For example, psychological counseling could prompt a reluctant child to testify after the initial investigation, thus substantiating the original accusation. On the other hand, the six-month time limit might also work to the advantage of the accused by preventing repeated investigations when more than one person makes the same accusation. Further, as we have previously noted, the statute carefully attempts to protect the identity of the accused through civil and criminal penalties for unauthorized disclosure of registry information. *See* Iowa Code §§ 235A.20, 235A.21.

As far as Roth's fundamental right argument is concerned, we have already held that reputation alone is not a due process interest. Given that holding, it can scarcely be argued that reputation rises to the level of a fundamental right capable of overcoming a compelling state interest.

As with the right of privacy challenge, we find no reason to disturb the district court's findings regarding these arguments.

Because the district court correctly found as a matter of law no deprivation of Roth's due process, privacy, or equal protection rights, its entry of summary judgment on the commissioner's cross-motion was proper.

IV. *Disposition.*

The district court correctly dismissed count I of Roth's petition because the matter was moot at the time the district court ruled. The court also correctly denied Roth's motion for summary judgment and correctly granted the commissioner's as to count II because, as a matter of law, no deprivation of due process, privacy, or equal protection rights was established.

Finding no error, we affirm.

AFFIRMED.