**Travis Lee KRUEGER, Appellee,**

v.

**IOWA DEPARTMENT OF
TRANSPORTATION,
Appellant.**

No. 92–536.

Supreme Court of Iowa.

Dec. 23, 1992.

Rehearing Denied Jan. 22, 1993.

Bonnie J. Campbell, Atty. Gen., David A. Ferree, Sp. Asst. Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for appellant.

Dale E. Goeke of Hagemann, Goeke & Egli, Waverly, for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, LAVORATO, and ANDREASEN, JJ.

PER CURIAM.

This is an appeal by the Department of Transportation (DOT) from an adverse ruling on judicial review. The district court held that, pursuant to Iowa Code section 321.210(1)(d) (1991), the word "use" as contained in the statute means that a person must physically use a fictitious driver's license before the DOT may suspend a person's license pursuant to 761 Iowa Administrative Code section 600.13(5). The district court ruled that mere possession is not enough to trigger the revocation statute. We believe it is, and therefore reverse and remand the case for entry of an appropriate order.

The defendant, Travis Lee Krueger, was stopped and detained at a Hy–Vee grocery store after a friend he was with attempted to purchase beer without being of legal age. The police searched Krueger's wallet for identification and discovered that Krueger was carrying a fictitious driver's license ostensibly issued in Oregon. Krueger ultimately pleaded guilty to a violation of Iowa Code section 321.216 (1991), which provides that it is a simple misdemeanor to possess a fictitious driver's license. The DOT subsequently suspended Krueger's driver's license pursuant to 761

Iowa Administrative Code section 600.13(5), currently codified in 761 Iowa Administrative Code section 615.15(1), which provides that the department may suspend a person's license if the person has been convicted of a violation of section 321.216.

Krueger contested the suspension, arguing that, in order to suspend his license, the State had to show more than mere possession of a fictitious license. The administrative law judge, however, ruled that the burden of proof regarding "use" of the license was on Krueger. The administrative law judge noted that Krueger failed to testify as to how he obtained the fictitious license or what his intent was in doing so. The administrative law judge opined that he knew of no lawful purpose for the retention of a fictitious license and affirmed the suspension. The DOT, in its final agency action, affirmed the administrative law judge's decision.

The district court reversed the agency decision. The district court noted that pursuant to Iowa Code section 321.210(1)(d), the DOT is authorized to establish rules providing for the suspension of the license of an operator upon twenty-day notice and without preliminary hearing upon a showing that the licensee has permitted an unlawful *use* of the license. The court opined that section 321.210(1)(d) pertains to unlawful use of a fictitious license, whereas Krueger was charged only with possession of a fictitious license. The district court concluded that the DOT had exceeded its statutory authority and reinstated Krueger's license. The DOT has appealed.

■ In construing statutes, we should look to the objective that the legislature sought to accomplish and the evils and mischiefs sought to be remedied in order to reach a result that would best effectuate its purpose. *State v. Peterson*, 347 N.W.2d 398, 402 (Iowa 1984). We must also look to what the legislature said, rather than what it should or might have said. Iowa R.App.P. 14(f)(13). Statutes related to the same subject matter should be read together and construed in light of their common purpose and intent. *Banker's Trust Co. v. Woltz*, 326 N.W.2d 274, 278 (Iowa 1982).

We believe that sections 321.210(1)(d) and 321.216, when read together, along with 761 Iowa Administrative Code section 600.-13(5), authorize the DOT to suspend someone's license when that person possesses a fictitious license. Section 321.216, specifically entitled "Unlawful *use* of license-penalty" (emphasis added), makes it a simple misdemeanor to *possess* a fictitious license. Section 321.210(1)(d) provides that the DOT is authorized to suspend someone's license if that person permitted a fraudulent use of the fictitious license. In effect at the time of the DOT action, 761 Iowa Administrative Code section 600.13(5) authorizes the department to suspend a person's driver's license if the person has been convicted of a violation of Iowa Code section 321.216. A recodification of former section 600.13(5), 761 Iowa Administrative Code section 615.-15(1) provides that the department may suspend a person's license for unlawful use of a fictitious license or "if the department has received other evidence that the person has violated Iowa Code section 321.216." We believe it is logical and reasonable to conclude that the legislature, in its attempt to stem the rising tide of underage children who buy alcohol and then drive, intended to suspend the driver's license of those caught with possession of a fictitious license, not merely those who are actually caught using the fictitious license to purchase alcohol. The word "use" thus encompasses possession, as well as actual physical use, of a fictitious license for purposes of section 321.216.

■ Krueger additionally argues that the arresting officer conducted an illegal search and seizure of his person, his billfold, and the billfold's contents. Krueger contends that the license obtained as a result of the illegal search should be excluded from the evidence. We disagree.

We believe the reasoning elucidated by this court in *Westendorf v. Iowa Department of Transportation*, 400 N.W.2d 553, 556–57 (Iowa 1987), is applicable in the present case. In *Westendorf*, we declined to adopt an exclusionary rule in administrative license revocation proceedings, holding that "[t]he benefit of using reliable information of intoxication in license revocation

proceedings, even when that evidence is inadmissible in criminal proceedings, outweighs the possible benefit of applying the exclusionary rule to deter unlawful conduct." 400 N.W.2d at 557.

In *Manders v. Iowa Department of Transportation*, 454 N.W.2d 364 (Iowa 1990), we reconsidered the scope of our holding in *Westendorf.* Despite the presence of a statutory, rather than a constitutional, exclusionary rule grounded in Iowa Code section 321J.14(4) (1991), we reaffirmed the clear language of *Westendorf,* holding that lack of probable cause to make an investigatory stop of a motor vehicle did not trigger an exclusionary rule prohibiting use of evidence thus obtained in an administrative proceeding for revocation of a driver's license. 454 N.W.2d at 366. We conclude the district court did not err in admitting the fictitious license taken from Krueger's wallet resulting from the initial stop.

We hold that pursuant to sections 321.-210(1)(d), 321.216, and 761 Iowa Administrative Code section 600.13(5), as recodified in section 615.15(1), the DOT was authorized to suspend a person's driver's license when the person was found in possession of a fictitious license in violation of section 321.216. We therefore reverse the judgment of the district court and remand this case to the district court to enter an order consistent with this opinion.

REVERSED AND REMANDED.