Kathleen A. KRUSE, Appellant,

v.

IOWA DEPARTMENT OF HUMAN SERVICES, Appellee.

No. 92–640.

Court of Appeals of Iowa.

March 30, 1993.

Kathleen A. Kruse, pro se.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Sp. Asst. Atty. Gen., and Mary K. Wickman, Asst. Atty. Gen., for appellee.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

Appellant Kathleen Kruse appeals an administrative law judge's dismissal of her request for redetermination of the status of a sexual abuse report. The administrative law judge dismissed the request on the grounds of issue preclusion, based upon the results of child in need of assistance (CINA) proceedings.

On December 12, 1988, the Iowa Department of Human Services (DHS) received a referral regarding the possible sexual abuse of a child at the hands of her father. On January 19, 1989, DHS completed a preliminary child abuse report concluding that the allegations of sexual abuse could not be determined to be founded or unfounded by a preponderance of the evidence. On February 1, 1989, DHS submitted an addendum to this report in order to provide additional information regarding the allegations.

The mother, Kruse, subsequently requested correction of the "undetermined" child abuse report, asking that it be changed to "founded." DHS denied the request. The mother appealed this decision and requested an evidentiary hearing. During this time, the juvenile court CINA proceedings regarding the allegations of sexual abuse were pending. DHS filed a motion to defer the mother's requested hearing pending the outcome of the juvenile court proceedings pursuant to Iowa Code section 235A.19(2) (1991). The Iowa Department of Inspections and Appeals granted DHS's motion to defer.

The parents stipulated to the adjudication of the child as a child in need of assistance pursuant to Iowa Code section 232.2(6)(f) (1991). Following a hearing, the juvenile court entered a dispositional order finding no competent evidence to support the allegations of sexual abuse. The juve-

nile court placed custody of the child with her father. The mother appealed. The court of appeals affirmed the juvenile court order and denied the mother's request for remand to consider new evidence. The court of appeals concluded that evidence did not rise to the level necessary to prove the father sexually abused the child. *In re K.R.W.*, 471 N.W.2d 83 (Iowa App.1990).

Following the conclusion of the juvenile court proceeding, DHS filed a motion to dismiss the mother's request for an evidentiary hearing based upon the doctrine of issue preclusion. The Department of Inspections and Appeals filed a proposed order granting DHS's motion to dismiss concluding that issue preclusion applied. The mother filed a request for a review of the proposed decision. On November 1, 1991, the department issued its final decision which adopted the proposed decision. The mother sought judicial review.

On March 31, 1992, the district court entered its ruling affirming the department's decision dismissing the mother's request for an evidentiary hearing. The district court concluded that all four of the factors required for issue preclusion had been established. The district court found that many of the mother's complaints had to do with alleged improprieties in the juvenile court proceedings.

The mother has appealed. We dismiss the appeal.

## I.

We dismiss the appellant's appeal along with her request for an evidentiary hearing to correct the child abuse report to read "founded" on the grounds that the appellant lacks the statutory authority to proceed in the manner requested. Accordingly, we find that we are without jurisdiction to hear this appeal.

## II.

To resolve this question, we turn to the applicable statutes. The State of Iowa has codified its laws pertaining to the reporting, investigation, and resolution of alleged incidents of child abuse. The Code provi-

sions are found in Iowa Code sections 232.67 through 232.77 (1991) and Iowa Code sections 235A.1 through 235A.24 (1991).

The legislative purpose and policy of child abuse reporting, investigation, and rehabilitation is found at section 232.67 (1991). That section provides:

> Children in this state are in urgent need of protection from abuse. It is the purpose and policy of this part 2 of division III to provide the greatest possible protection to victims or potential victims of abuse through encouraging the increased reporting of suspected cases of such abuse, insuring the thorough and prompt investigation of these reports, and providing rehabilitative services, where appropriate and whenever possible to abused children and their families which will stabilize the home environment so that the family can remain intact without further danger to the child.

*Id.*

In furtherance of this legislative purpose, classes of persons are designated who may or are compelled to report child abuse. Iowa Code § 232.69 (1991). Whether such reporting is mandatory or permissive depends entirely upon which class that person falls under. *Id.*

The reporting procedure is set forth at section 232.70 and the duties of DHS are contained in section 232.71. Iowa Code §§ 232.70–232.71 (1991). Whenever a report is determined to constitute a child abuse allegation, DHS must promptly commence an appropriate investigation. Iowa Code § 232.71 (1991). The primary purpose of the investigation is the protection of the child named in the report. *Id.* DHS, within five working days of commencing the investigation, is to provide a written notification of the investigation to the child's parents.[1] *Id.*

Upon completion of its investigation, the DHS is to make a preliminary report of its investigation as required by subsection 7 of section 232.71. Iowa Code § 232.71(7)

(1991). A copy of the report is to be transmitted to the juvenile court within ninety-six hours after the department initially receives the abuse report unless the juvenile court grants an extension of time for good cause shown. *Id.* In addition, the department must notify the subject of the report of the result of its investigation.

This then brings us to the problem at hand. In addition to notifying the subject of the report of the results of the investigation, the department must also notify the subject of his or her right to correct this information pursuant to section 235A.19 and of the procedures to correct the information. Iowa Code § 235A.19 (1991). It is worthy of note at this juncture that although there are a number of others who have access to the child abuse information (see section 235A.15), no one other than the subject, under section 232.71, is entitled to the notice of his or her right to correct the abuse information. Iowa Code § 232.71 (1991). In this respect, section 232.71(7), in pertinent part, provides:

> The department shall notify a subject of the report of the result of the investigation, *of the subject's right to correct the information pursuant to section 235A.19,* and of the procedures to correct the information. The juvenile court shall notify the registry of any action it takes with respect to a suspected case of child abuse.

Iowa Code § 232.71(7) (1991) (emphasis added).

The Department of Human Services must also transmit a copy of the report of its investigation, including actions taken or contemplated, to the registry. Iowa Code § 232.71(8) (1991). This then takes us to chapter 235A of the Iowa Code. Section 235A.12 contains the legislative findings and purposes as it relates to child abuse information registry. Iowa Code § 235A.12 (1991). This section provides:

> The general assembly finds and declares that a central registry is required to provide a single source for the state-

---

[1]. However, if the department shows to the satisfaction of the court that notification is likely to endanger the child or other persons, the court is to issue an emergency order restraining notification.

wide collection, maintenance and dissemination of child abuse information. Such a registry is imperative for increased effectiveness in dealing with the problem of child abuse. *The general assembly also finds that vigorous protection of rights of individual privacy is an indispensable element of a fair and effective system of collecting, maintaining and disseminating child abuse information.*

The purposes of this section and sections 235A.13 to 235A.23 are to facilitate the identification of victims or potential victims of child abuse by making available a single, statewide source of child abuse data; to facilitate research on child abuse by making available a single, statewide source of child abuse data; and to provide maximum safeguards against the unwarranted invasions of privacy which such a registry might otherwise entail.

*Id.* (emphasis added).

The central registry is a part of the DHS. Iowa Code § 235A.14 (1991). Registry information is highly confidential, and disclosure of it to unauthorized persons is a criminal offense. *Roth v. Reagan,* 422 N.W.2d 464, 469 (Iowa 1988).

The registry is to collect, maintain, and disseminate child abuse information as provided for by chapter 235A. Iowa Code § 235A.12 (1991). Section 235A.15 is the section that designates who has authorized access to child abuse information. Iowa Code § 235A.15 (1991). As it relates to unfounded child abuse information, only those persons identified in subsection 2, paragraph "a," paragraph "b," subparagraphs 2 and 5, and paragraph "e," subparagraph 2 of section 235A.15 are entitled to access to child abuse information. *Id.*

We turn now to section 235A.19, which is the section apparently that the appellant relies on to bring her actions. Iowa Code § 235A.19 (1991). This section must be read in conjunction with section 232.71(7) cited above. Statutes that relate to the same subject matter should be read together and construed in light of their common purpose and intent. *Krueger v. Iowa Dep't of Transp.,* 493 N.W.2d 844, 845 (Iowa 1992). In addition, in construing statutes, we should look to the objective that the legislature sought to accomplish and the evils and mischiefs sought to be remedied in order to reach a result that would best effectuate its purpose. *Id.*

Returning to section 232.71(7), it provides that DHS is to notify a subject of the report of the result of the investigation, of the subject's right to correct the information pursuant to section 235A.19, and of the procedures to correct the information. Iowa Code § 232.71(7) (1991). Section 235A.19, in pertinent part, provides:

1. Any person or that person's attorney shall have the right to examine child abuse information in the registry which refers to that person. The registry may prescribe reasonable hours and places of examination.

2. a. A person may file with the department within six months of the date of the notice of the results of an investigation required by section 232.71, subsection 7, a written statement to the effect that child abuse information referring to the person is in whole or in part erroneous, and may request a correction of that information or of the findings of the investigation report. The department shall provide the person with an opportunity for an evidentiary hearing pursuant to chapter 17A to correct the information or the findings, unless the department corrects the information or findings as requested. The department shall delay the expungement of information which is not determined to be founded until the conclusion of a proceeding to correct the information or findings. The department may defer the hearing until the conclusion of a pending juvenile or district court case relating to the information or findings.

b. The department shall not disclose any child abuse information until the conclusion of the proceeding to correct the information or findings, except as follows:

(1) As necessary for the proceeding itself.

(2) To the parties and attorneys involved in a judicial proceeding.

(3) For the regulation of child care or child placement.

(4) Pursuant to court order.

(5) To the subject of an investigation.

(6) For the care or treatment of a child named in a report as a victim of abuse.

3. The decision resulting from the hearing may be appealed to the district court of Polk County by the person requesting the correction or to the district court of the district in which the persons resides. Immediately upon appeal the court shall order the department to file with the court a certified copy of the child abuse information. Appeal shall be taken in accordance with chapter 17A.

Iowa Code § 235A.19 (1991).

We believe that the reference to "a person" in subparagraph 2(a) of section 235A.19 refers to the person who is accused of the child abuse. *Id.* As noted previously, that is the person who is entitled to the notice and the person given the right to correct the record.

This conclusion is made more clear when section 2(a) is dissected in the following manner: "A person may file with the department ... a written statement to the effect that child abuse information referring to the person is ... erroneous and may request a correction...." *Id.* That person then is to be provided "with an opportunity for an evidentiary hearing pursuant to chapter 17A to correct the information or the findings, unless the department corrects the information or findings as requested." *Id.*

We believe the statute is clear that the only person who has the right to request a correction of the information or the findings of the investigation report is the person who has been accused. Only that person is entitled to the opportunity for an evidentiary hearing. The appellant is not the accused. Her action must be dismissed.

We find some, but not decisive, support in this conclusion by the following statement from *Reynolds v. Iowa Department of Human Services*, 493 N.W.2d 813, 814–15 (Iowa 1992):

Under the statutory scheme of chapter 235A, DHS is charged with responsibility to organize and staff a registry for the collection, maintenance and dissemination of child abuse information. The purpose of the registry is to aid the research and identification of victims or potential victims of child abuse through one statewide source of data. The statute is also designed to provide safeguards against the unwarranted invasion of privacy which such registry might otherwise entail. Once a report of abuse is made and forwarded to the registry, *see* Iowa Code § 232.70(4)(b) and (c), DHS is obliged to notify *the subject of the report and advise that person of the right to ask for a correction of the information in* accordance with Iowa Code section 235A.19.

*Just as the responsibility to investigate and compile child abuse data rests with DHS, the privilege to challenge the accuracy of the registry rests with the accused.* This in turn triggers an obligation by DHS to grant an evidentiary hearing unless the department willingly corrects its information or findings. In the meantime, DHS is authorized to delay expungement pending outcome of the hearing, or defer the hearing until conclusion of a pending court case relating to the same information.

*Id.* (emphasis added) (citations omitted). We note also that the dissent in the *Reynolds* case also refers to the *accused abuser* as having the right to an evidentiary hearing. *Id.* at 816–818. We hastily point out that it was the accused in *Reynolds* who challenged the accuracy of the registry report. *Id.* at 814. As such, the *Reynolds* court was not confronted with the problem we have before us.

In *Montgomery v. Iowa Department of Human Services*, 409 N.W.2d 703, 705 (Iowa App.1987), we said, "Section 235A.19(2), as amended, however, provides for expanded opportunities for those accused of child abuse to challenge the infor-

mation obtained by the Registry." *Id.* Like in *Reynolds,* the accused brought the action challenging the accuracy of the information. *Id.* at 704. Thus we did not have before us in *Montgomery* whether persons other than the accused can utilize sections 232.71(7) and 235A.19.

We recognize that the question of subject matter jurisdiction has not heretofore been raised. However, as we stated in *Simpson v. Iowa Department of Job Services,* 327 N.W.2d 775, 777 (Iowa App. 1982):

> Jurisdiction cannot be established by consent, waiver or estoppel, but rather is a matter of statute. *Cunningham v. Iowa Department of Job Service,* 319 N.W.2d 202, 204 (Iowa 1982). Addressing the ability of an appellate court to review its subject matter jurisdiction on its own motion, the court in *Pierce v. Pierce,* 287 N.W.2d 879, 881 (Iowa 1980), stated the following:
>
>> "The court's jurisdiction of the subject matter, however, may be raised at any time and is not waived even by consent." *Green* [*v. Sherman* ], 173 N.W.2d [843] at 846. We will determine subject matter jurisdictional issues even though not raised in the appellate briefs of either party. *Swets Motor Sales, Inc. v. Pruisner,* 236 N.W.2d 299, 302 (Iowa 1975). Also, we will examine the grounds for jurisdiction on our own motion before proceeding further. *Qualley v. Chrysler Credit Corp.,* 261 N.W.2d 466, 468 (Iowa 1978). If we determine subject matter jurisdiction is absent, an order dismissing the petition is the only appropriate disposition. *Lloyd v. State,* 251 N.W.2d 551, 558 (Iowa 1977).
>
> *See also Powell v. Khodari–Intergreen Co.,* 303 N.W.2d 171, 173–74 (Iowa 1981).

*Simpson v. Iowa Dep't of Job Serv.,* 327 N.W.2d 775, 777 (Iowa App.1982).

The constitutional issues raised by appellant do not relate to the issue of jurisdiction. We therefore decline to consider the question in these proceedings.

**APPEAL DISMISSED.**

DONIELSON, P.J., concurs.

SACKETT, J., dissents.

OXBERGER, C.J., takes no part.

SACKETT, Judge (dissenting).

I dissent.

This represents the third time the facts of this case have been before us. Kathleen A. Kruse is the natural mother of a young female child. It is Kathleen's position the child's father, her former husband, sexually abused the child. The child currently is in her father's care and Kathleen has restricted visitation rights. Kathleen believes in the proceedings that have resulted in the child being placed in her father's care, the courts have erroneously concluded the child was not sexually abused by her father. Kathleen also believes a finding the child's father sexually abused her should be made in this proceeding. This proceeding seeks to have the Iowa Department of Human Services determine to be founded a report by Kathleen that the child was sexually abused.

The Department and the trial court dismissed Kathleen's action finding they were precluded from relitigating the issue of whether the child's father had committed sexual abuse by a finding in a child in need of assistance proceeding that he had not. The majority of this court has dismissed Kathleen's appeal. The reason the majority finds to support its decision is there is no subject matter jurisdiction. Because Kathleen is not the alleged abuser, the majority have held she has no standing to challenge the Department's decision.

I do not agree with the majority that Kathleen has no right to ask for a redetermination and hearing. I also do not agree with the trial court that the child in need of assistance proceeding holding was issue preclusion in this case. I am of the opinion Kathleen had standing to ask for a redetermination and I would remand to the agency for that purpose. The issue before us is only whether there should be a hearing. I do not in dissenting render any opinion as to what I feel the results of the hearing on remand should be.

I find it necessary to comment on certain things that have occurred while the three cases have been pending before us. Kathleen has represented herself during many of the proceedings. In her brief filed in this court on this case there are numerous instances where she has not accurately set out the facts and has not been credible. Furthermore, she has used this form to make charges that the attorney for the child, The Iowa Department of Human Services, the Iowa Attorney General, certain doctors and medical personnel who examined her child, and certain judges in this state are not concerned about children and child abuse. The record made in this case clearly establishes there is no legitimate basis for Kathleen's allegations that these agencies and persons are not concerned about child abuse. While these people and agencies have disagreed with Kathleen that her former husband sexually abused the child and/or there should be another hearing, the record before us clearly causes me to find The Department of Human Services, the attorney for the child, the Iowa Attorney General, and the doctors and medical personnel examining the child have exhibited substantial concern for the child and have consciously handled their responsibilities and have considered the best interest of the child at every juncture.

Furthermore, while the other two judges on this panel do not agree with me that there should be another hearing, I am convinced, in arriving at their decision, they have been very mindful of their responsibility to protect the best interest of this child. While I disagree with their interpretation of the law on this issue, I recognize there is support for their position as there is support for mine.

Kathleen or her supporters have papered this court with unrequested and inaccurate letters and briefs. Kathleen has also attempted to put political pressure on this court. Because the original case was a child in need of assistance case, the facts of the case were confidential and those seeking to influence our decision have not had the access we did to the facts of the case.

As judges, our obligations are to decide cases *only* on the facts in the record before us. In deciding this case, I have followed my obligation as have, I am sure, my fellow judges. I have given no consideration to these outside-the-record attempts to influence my decision. If I had given consideration to these attempts from outside sources to influence me, I would have violated my obligation as a judge and I would not have been fair to Kathleen's former spouse or the State of Iowa who are adverse to her position in this court. Kathleen's former husband and the State of Iowa have followed the rules and made no outside attempts to influence this court.

I agree with Kathleen that there should be a hearing; not because of all the pressures, but because I interpret the law as supporting her position.

I do not agree with the majority that this appeal should be dismissed for lack of jurisdiction. The majority supports its conclusion by finding the statute only allows the alleged perpetrator of the abuse to challenge a founded or unfounded report.

While the statute could have been written to provide more direction on this issue, I do not agree that person as provided for in Iowa Code section 235A.19 means only that person who is the subject of the investigation. It is my feeling had the legislature so intended, it could have easily and clearly limited that section. Furthermore, I do not believe there is any basis to arrive at this narrow definition.

I agree with Kathleen's challenge to the Department and the trial court's determination that issue preclusion applies and that the holding in the child in need of assistance proceedings that the child's father did not abuse the child precludes relitigation of that issue in this proceeding.

In the child in need of assistance proceeding, the charges had to be proven by clear and convincing evidence; in this case, the burden is only by the preponderance.

Issue preclusion is a bar to further litigation of a specific issue. *Harrison v. State Bank of Bussey*, 440 N.W.2d 398, 399 (Iowa App.1989). The Department's position is issue preclusion applies because the

court determined in the child in need of assistance proceeding that the child was not sexually abused by her father.

I agree with the Department that the issue was litigated in the child in need of assistance proceeding and determined by a valid and final judgment. This, however, does not decide the issue. There are circumstances when issue preclusion does not apply. *See Bagley v. Hughes A. Bagley, Inc.,* 465 N.W.2d 551, 553 (Iowa App.1990). Relitigation of an issue is not necessarily precluded where the burden of persuasion with respect to the issue in the initial action is a significantly heavier burden than in the first action. *See Hunter v. City of Des Moines,* 300 N.W.2d 121, 124–125 (Iowa 1981) (citing Restatement (Second) of Judgments § 68.1(d) (Tent. Draft No. 4, 1977).

In *State v. One Certain Conveyance, 1973 Kenworth Semi–Tractor,* 316 N.W.2d 675, 678 (Iowa 1982), the court held the government in a subsequent court action should not be precluded from attempting to prove an issue by a preponderance of the evidence merely because it did not sustain the burden of proof beyond a reasonable doubt; and the litigation of the issue should not be given preclusive effect. Applying the dictates of *One Certain Conveyance,* I find issue preclusion does not apply.

I would remand to the agency for a hearing.