Charles N. TIANO and Frankie Tiano, Individually and on Behalf of Vincent Tiano, Appellants,

v.

Charles PALMER, in His Capacity as Director, Iowa Department of Human Services, Karen Wood, Kristi Duncan (Dierking), Cory Purvis, and Peggy Stevens, Appellees.

No. 99–0641.

Supreme Court of Iowa.

Jan. 18, 2001.

William W. Heaivilin and Sharon Yon of Iowa Protection & Advocacy Services, Inc., Des Moines, and Curt L. Sytsma, Des Moines, for appellants.

Thomas J. Miller, Attorney General, and Barbara E.B. Galloway, Assistant Attorney General, for appellee Charles Palmer.

Steven P. Wandro and Michelle M. Casper of Wandro & Associates, P.C., Des Moines, for appellees Karen Woods, Kristi Duncan Dierking, Cory Purvis, and Peggy Stevens.

CARTER, Justice.

Charles and Frankie Tiano (the Tianos), as parents and guardians of Vincent Tiano, a dependent adult with mental disabilities, appeal from an order affirming the Iowa Department of Human Services (DHS) decision altering a prior finding of that agency that certain individuals providing care to Vincent Tiano had abused him. The district court dismissed the petition for judicial review on the basis that the Tianos lacked standing. In the alternative, it concluded that the Tianos were given proper notice of the final hearing in the matter and that their failure to appear at that hearing precludes the granting of relief. After reviewing the record and considering the arguments presented, we conclude that the Tianos do have standing to pursue this challenge to the agency's decision. We disagree with the district court's alternative conclusion that on the record presented the Tianos were shown to have received adequate notice. We reverse the judgment of the district court.

In 1997 four of Vincent's caretakers (intervenors herein) were alleged to have abused him. Pursuant to the procedures set forth in Iowa Code chapter 235B, DHS deemed those allegations to be founded. The names of intervenors Kristi Duncan (Dierking), Cory Purvis, Karen Wood, and Peggy Stevens were accordingly placed on the dependent adult abuse registry maintained by DHS.

Each of the four alleged abusers (intervenors) filed an appeal from DHS's finding of a founded allegation of dependent adult abuse. The Tianos were advised that that appeal had been taken. On June 30, 1997, the Tianos wrote the department of inspec-

tions and appeals requesting an explanation of their rights concerning the intervenors' appeals. Neither the department of inspections and appeals nor DHS answered the Tianos' letter.

The department of inspections and appeals scheduled an evidentiary hearing for all four intervenors. The hearing, originally scheduled for October 6, 1997, was changed to February 23, 1998, but was later moved up to January 12, 1998. The Tianos contend that they received the first two hearing notices but did not receive the notice moving the hearing to January 12, 1998.

On January 12, 1998, a hearing was held before an administrative law judge. The Tianos did not appear at that hearing. The administrative law judge issued a proposed decision reciting that the issues between the intervenors and DHS had been resolved pursuant to a settlement agreement. In that agreement, DHS consented to (1) reduce the findings of dependent adult abuse concerning Kristi Duncan (Dierking) and Cory Purvis from "founded" to "unfounded," (2) reduce the findings of dependent adult abuse concerning Karen Wood and Peggy Stevens from "founded" to "undetermined," and (3) remove the intervenors' names from the registry.

On January 22, 1998, the Tianos requested the director of DHS to review the administrative law judge's decision, alleging they had not received notice of the January 12, 1998 hearing. In lieu of issuing a final decision, DHS Director Palmer ordered a limited remand. The director concluded that the Tianos had standing to participate in the appeal process and ordered the administrative law judge to conduct an evidentiary hearing on the limited issue of whether they had received proper notice of the January 12, 1998 hearing.

After an evidentiary hearing, the administrative law judge issued a proposed decision finding that proper notice of the January 12, 1998 hearing had been given to the Tianos. The Tianos requested the agency to review the proposed decision. The agency's final decision upheld the settlement agreement between DHS and the intervenors and adopted the administrative law judge's proposed decision concerning the issue of notice to the Tianos.

The Tianos filed a petition for judicial review. The district court dismissed that petition, finding that the Tianos lacked standing. In an alternative ruling, the district court upheld DHS's determination that the Tianos had been given adequate notice of the January 12, 1998 hearing.

## I. The Standing Issue.

■ Iowa Code section 235B.10 (1997) provides:

1. Any person or that person's attorney shall have the right to examine dependent adult abuse information in the registry which refers to that person. The registry may prescribe reasonable hours and places of examination.

2. A person may file with the department within six months of the date of the notice of the results of an investigation, a written statement to the effect that dependent adult abuse information referring to the person is in whole or in part erroneous, and may request a correction of that information or of the findings of the investigation report. The department shall provide the person with an opportunity for an evidentiary hearing pursuant to chapter 17A to correct the information or the findings, unless the department corrects the information or findings as requested....

3. The decision resulting from the hearing may be appealed to the court of Polk county by the person requesting the correction or to the court of the district in which the person resides.

The Tianos urge that the words "a person referred to" in a dependent child abuse report include the victim or his guardians. DHS agrees with this argument. Only the intervenors argue to the contrary.

The district court adopted the argument made by the intervenors and concluded that the Tianos did not have standing. In so doing, the district court relied on *Kruse v. Iowa Department of Human Services*, 500 N.W.2d 455 (Iowa App.1993). In *Kruse* the court of appeals examined a child abuse provision that includes substantially the same wording as Iowa Code section 235B.10. That statute provided:

1. Any person or that person's attorney shall have the right to examine child abuse information in the registry which refers to that person. The registry may prescribe reasonable hours and places of examination.

2. *a.* A person may file with the department within six months of the date of the notice of the results of an investigation required by section 232.71, subsection 7, a written statement to the effect that child abuse information referring to the person is in whole or in part erroneous, and may request a correction of that information or of the findings of the investigation report. The department shall provide the person with an opportunity for an evidentiary hearing pursuant to chapter 17A to correct the information or the findings, unless the department corrects the information or findings as requested.

Iowa Code § 235A.19 (1991). The court of appeals concluded that "a person" as used in the statute refers only to the person accused of child abuse and that only the alleged abuser may request a correction of the abuse report or participate in an evidentiary hearing. *Kruse*, 500 N.W.2d at 459.

The Tianos argue that in 1994 the Iowa legislature clarified its original intent that the child abuse victim, as well as the alleged abuser, is a "person" within the meaning of Iowa Code section 235A.15. In 1994 Iowa Acts chapter 1130, section 10, the legislature changed the wording of Iowa Code section 235A.19. In lieu of the words "[a]ny person," the legislature substituted the words "[a] subject of a child abuse report, as identified in section 235A.15, subsection 2, paragraph 'a.' " Subsequent references in the statute to the word "person" were changed to "a subject of a child abuse report" or simply "subject." The subject of a child abuse report, as identified in section 235A.15(2)(a), includes, in addition to the alleged abuser, the child, and the child's parent, guardian, or attorney.

■ Although ordinarily any material change in the language of a statute is presumed to alter the law, the time and circumstances of an amendment may indicate that the legislature merely intended to clarify the intent of the original enactment. *State v. Guzman–Juarez*, 591 N.W.2d 1, 3 (Iowa 1999). Changing general descriptions to specific designations may evince an intent to clarify rather than alter a statute's legal consequence. *Van Der Maaten v. Farmers Coop. Co.*, 472 N.W.2d 283, 284 (Iowa 1991); *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 285 (Iowa 1983). In applying these rules to the present dispute, we are convinced that the 1994 amendment was only intended to make specific that which was intended by the original enactment.

■ As a result of our conclusion, another rule of statutory interpretation comes into play. When the same word or term is used in different statutory sections that are similar in purpose, they will be given a consistent meaning. *Farmers Coop. v. DeCoster*, 528 N.W.2d 536, 538 (Iowa 1995); *Ida County Courier v. Attorney Gen.*, 316 N.W.2d 846, 850 (Iowa 1982). In the application of the latter principle, we interpret the language in section 235B.10 to have the same meaning as the matching language of the original version of section 235A.19. The Tianos and DHS are correct in assuming that the Tianos had standing to participate as parties in the contested case hearing at issue here. Under the Iowa Administrative Procedure Act, a party includes one "seeking and entitled as of right to be admitted

as a party." Iowa Code § 17A.2. Section 17A.12(1) of that Act provides that all parties shall be offered an opportunity for hearing.

## II. *The Notice Issue.*

■ The Tianos contend that the district court erred by relying on a presumption that they received notice of the hearing in the face of their testimony that they had not. DHS argues that substantial evidence within the administrative record supports the finding of the administrative law judge that the department of inspections and appeals properly addressed and mailed the hearing notice to the Tianos.

The parties place various interpretations on our decisions in *Liberty Mutual Insurance Co. v. Caterpillar Tractor Co.*, 353 N.W.2d 854 (Iowa 1984), and *Eves v. Iowa Employment Security Commission*, 211 N.W.2d 324 (Iowa 1973). In the *Eves* case, we held that in the absence of custom, statute, or express contract stipulation when a notice affecting a right is sought to be served by mail, the service is not effective until the notice comes into the hands of the one to be served. *Eves*, 211 N.W.2d at 327. We refused to recognize in *Eves* that this principle could be altered by an administrative regulation. In the *Liberty Mutual* case, we recognized that, when a statute authorizes service by mail, service is complete upon mailing. *Liberty Mut.*, 353 N.W.2d at 858. In conjunction with that principle, however, we also recognize that proof that an addressee did not receive a piece of mail is competent evidence that it was not mailed. *Id.* The opinion was inconclusive concerning the effect of presumptions of receipt in the face of evidence that the notice was not received by the addressee. The decision implies that that presumption is weak when the party giving notice must rely on custom and has no personal recollection of

correctly addressing the notice and depositing it in the United States mail. *Id.* at 859.

We need not resort to these presumptions in the present case. It is provided in the Iowa Administrative Procedure Act that

> [i]n a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice in writing delivered either by personal service as in civil actions or by certified mail return receipt requested. However, an agency may provide by rule for the delivery of such notice by other means.

Iowa Code § 17A.12(1).

DHS and the intervenors urge that service by ordinary mail with first-class postage prepaid addressed to a party's last known address is specifically authorized by agency rule. To support this conclusion, they rely upon Iowa Administrative Code rule 441—7.10(7)(b). A reading of this rule discloses that it only pertains to service on the "appellant" in the hearing process.[1] No mention is made in the regulation concerning notice to the other parties in interest. We conclude that the failure of the regulation to provide a specific method of service for those parties means that they are entitled by reason of section 17A.12(1) to personal service as in civil actions or by certified mail return receipt requested. Such notice was not given to the Tianos in the present case. As a consequence, the decision of the district court is reversed, the final decision of the agency is vacated, and the matter is remanded to the agency for a new contested case hearing in which the Tianos may participate.

**REVERSED AND REMANDED.**

---

1. The rule in question provides:
    The notice may be served upon the *appellant* by personal service as in civil actions, or by certified mail, return receipt requested, or by first-class mail, postage prepaid, addressed to the *appellant* at the last known address. Iowa Admin. Code r. 441—7.10(7)(b) (emphasis added).